IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDRES JALON**,<br>    and<br>**REGENNA JALON**,<br>        Defendants/Counter-Plaintiffs,<br>-vs-<br><br>**BANK OF AMERICA, N.A.,**<br>        Counter-Defendant,<br><br>**WILSHIRE CREDIT CORPORATION,** a subsidiary of **INTERNATIONAL BUSINESS MACHINES CORPORATION,**<br>        Counter-Defendant,<br><br>**URBAN SETTLEMENT SOLUTIONS (d/b/a URBAN LENDING SOLUTIONS**,<br>        Counter-Defendant,<br>    and<br>**HSBC BANK USA, N.A.**, as Trustee for the Holders of the Ellington Loan Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1,<br>        Plaintiff/Counter-Defendant. | Civil Action No.: 2:22-cv-04039-ER |
| **HSBC BANK USA, N.A.**, as Trustee for the Holders of the Ellington Loan Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1,<br>        Plaintiffs/Counter-Defendants,<br><br>-vs-<br><br>**ANDRES JALON**,<br>    and<br>**REGENNA JALON**,<br>        Defendants/Counter-Plaintiffs. | |

**NOTICE OF REMOVAL AND CONSOLIDATION OF STATE COURT ACTION
TO UNITED STATES DISTRICT COURT**

TO: THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PLEASE TAKE NOTICE that the Plaintiffs, ANDRES JALON and REGENNA JALON (hereinafter, the "Jalons" or the "Defendants/Counter-Plaintiffs"), by and through their undersigned attorney, has removed to the United States District Court for the Eastern District of Pennsylvania all claims and causes of action in the civil action styled *HSBC BANK USA, N.A., as Trustee for the Holders of the Ellington Loan Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, c/o NATIONSTAR MORTGAGE, LLC d/b/a Mr. Cooper, v. ANDRES JALON and REGENNA JALON*, Case No.: 2017-26360 (hereinafter, the "State Court Action") now pending in the Court of Common Pleas of Montgomery County, Pennsylvania, pursuant to 28 U.S.C. § 1441 and 1446. A copy of all process, pleadings, and orders served upon the Jalons are attached as **Exhibit "A"**.

Defendants/Counter-Plaintiffs' grounds for removal are as follows:

**I.   The Counterclaim is founded on a claim or right arising under the laws of the United States.**

**A.  42 U.S.C. § 1981.**

The State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441(a) as Defendants/Counter-Plaintiffs' cause of action is a federal question arising under the laws of the United States, specifically, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). Defendants/Counter-Plaintiffs allege that the Plaintiffs/Counter-Defendants and Counter-Defendants BANK OF AMERICA, N.A., (hereinafter, "BOA"), WILSHIRE CREDIT CORPORATION, a subsidiary of INTERNATIONAL BUSINESS MACHINES CORPORATION (hereinafter, "Wilshire"), and URBAN SETTLEMENT SOLUTIONS (d/b/a URBAN LENDING SOLUTIONS (hereinafter, "Urban"), engaged in activities properly

described as "racketeering" in violation of 18 U.S.C. 1962(c), as well as breach of contract pursuant to violation of Pennsylvania state common law. Accordingly, this matter presents a federal question and removal is appropriate under 28 U.S.C. § 1441(a).

> **II.     Removal is proper because this Court has subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the State Court Action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

> **A.     There is complete diversity of citizenship among the parties in the State Court Action.**

"[A] national bank ... is a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006).

State Court Action Plaintiff HSBC BANK USA, N.A., as Trustee for the Holders of the Ellington Loan Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 (hereinafter, "HSBC"), while being registered to conduct business in the Commonwealth of Pennsylvania or exempt from registration, is not a citizen of Pennsylvania. In fact, the citizenship of HSBC in a foreclosure action has been conclusively determined in federal court, to wit:

> It is undisputed that HSBC is a national banking association with its main office in McLean, Virginia. Thus, **HSBC is a citizen of Virginia** and Demarest is a citizen of California. **The parties were therefore completely diverse, and the district court properly exercised diversity jurisdiction over the action.**

Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2, 920 F.3d 1223, 1228–29 (9th Cir. 2019).

It is not in dispute that the State Court Action Defendants the Jalons were and are citizens of Pennsylvania. As a result, the State Court Action has full diversity of citizenship between HSBC and the Jalons, just as with Demarest and HSBC in <u>Demarest v. HSBC</u>.

**B.     The amount in controversy requirement is satisfied.**

To determine the amount in controversy, courts look first to the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." <u>Scherer v. The Equitable Life Assurance Soc'y of the United States</u>, 347 F.3d 394, 398 (2d Cir. 2003). There is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." <u>Id.</u> (internal quotation marks and citations omitted). Here, the amount in controversy meets the jurisdictional requirements, as HSBC is seeking in the State Court Action a sum in excess of $622,232.52. (State Court Action, *Compl.*, ¶ 8).

**III.    Conclusion.**

The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections, and the Jalons also reserve the right to amend or supplement this Notice of Removal. A true and complete copy of this Notice will be filed in the State Court Action concurrent with this Notice.

Dated: <u>24 OCT 2022</u>              Respectfully Submitted,

                                      /s/ Andres Jalon
                                      _____

ANDRES JALON, ESQ.
**JALON & ASSOCIATES**
17 W. Airy Street
Norristown, Pennsylvania 19401
ajalon@jalonesq.com
*Attorney for Plaintiffs, Pro Se*



_____
ROOK ELIZABETH RINGER, ESQ.
**THE LAW OFFICE OF ROOK RINGER**
222 San Marco Ave., Ste. "C"
St. Augustine, FL 32084
904.265.7665 (Office)
904.677.7812 (Fax)
rook@ringer.law
*Attorney for Plaintiffs*
*Pro Hac Vice to be Applied For*