IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRES JALON and REGENNA A. JALON, | : |
| *Plaintiffs*, | : |
| | : |
| v. | : CIVIL NO. 22-4039 |
| | : |
| BANK OF AMERICA, WILSHIRE CREDIT CORPORATION, URBAN SETTLEMENT SOLUTIONS and HSBC BANK, | : |
| *Defendants*. | : |

### MEMORANDUM OPINION

**Scott, J.**                                                                                              **September 29, 2023**

In this action brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO"), the plaintiffs Andres and Regenna Jalon ("the Jalons"), who are defendants in a state court mortgage foreclosure action, filed a Notice of Removal in an apparent effort to consolidate the state court action with this case. One of the defendants in this federal case, HSBC Bank ("HSBC"), is the plaintiff in the state court action, and has filed a Motion to Remand this case for lack of subject matter jurisdiction.

Because the removal statutes do not provide a mechanism for the removal of a state court action to a separate action pending in federal court, the Notice of Removal was improperly filed. Therefore, the Removal Notice will be stricken, and HSBC's Motion to Remand will be denied as moot.

## BACKGROUND

The Jalons filed this RICO action almost five years after HSBC brought a mortgage foreclosure action against them in the Court of Common Pleas of Montgomery County, Pennsylvania, (hereinafter, "the State Foreclosure action").[1] In the State Foreclosure action, HSBC alleges that in 2006, Andres Jalon executed and delivered a note to HSBC's assignor in consideration of a loan in the amount of $364,500.00. *See* HSBC's Compl. ¶¶ 4, ECF No. 1-5. To secure the note, the Jalons executed and delivered a mortgage, which secured the Jalons' residence in Montgomery County. *Id.* ¶¶ 5–6. In September, 2011, HSBC became the mortgagee by way of assignment. *Id.* ¶ 6. HSBC alleges that since September of 2010, payments of principal and interest on the loan were not paid, rendering the note and mortgage in default. *Id.* ¶ 7. It seeks an *in rem* judgment against the Jalons for the foreclosure and sale of the property. *Id.*, *ad damnum* clause (following ¶ 9).

On October 10, 2022, the Jalons filed the instant action against HSBC, Bank of America ("BOA") (the loan originator), and Wilshire Credit Corp. and Urban Settlement Solutions (the mortgage servicers), asserting claims under RICO. The complaint in this RICO action (hereinafter, "the RICO Complaint") alleges that the defendants conspired to defraud the Jalons and other borrowers like them by stalling and hindering the loan modification process and misleading borrowers to prevent those eligible for permanent loan modifications from receiving them. RICO Compl. ¶¶ 17–18, 69, 76–81, ECF No. 1. The Jalons claim that once HSBC was assigned the mortgage, it ignored the Jalons' valid, pre-existing loan modification agreement they had reached

---

[1] *See HSBC Bank USA, N.A., as Trustee for the Holders of the Ellington Loan Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, c/o Nationstar Mortgage LLC d/b/a Mr. Cooper v. Andres Jalon and Regenna Jalon*, Case No.: 2017-26360, Court of Common Pleas of Montgomery County, Pennsylvania (filed Nov. 6, 2017).

with BOA, and instead raised their monthly mortgage payments. *Id.* ¶¶ 57–66. They allege that the defendants participated in this scheme to enable them to bring unlawful foreclosure actions against the Jalons and other borrowers. *Id.* ¶¶ 67, 69, 78–81, 91–95, 102–107.

On October 25, 2022, about two weeks after filing the complaint in this case, the Jalons filed a Notice of Removal (hereinafter, "the RICO Removal Notice"). *See* ECF No. 3. The RICO Removal Notice, which is titled "Notice of Removal and Consolidation of State Court Action to United States District Court," purports to remove the State Foreclosure action to federal court. It sets forth two bases for removal jurisdiction. First, the Jalons contend that there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 because their counterclaim to the State Foreclosure action is a RICO claim, which is a federal cause of action. Second, they assert that there is diversity jurisdiction because the plaintiff HSBC is a citizen of Virginia, the Jalons are Pennsylvania citizens, and the amount in controversy exceeds the jurisdictional minimum of $75,000.00.

On October 26, 2022, the Jalons instituted a second lawsuit in the federal court by filing a Notice of Removal (hereinafter, "the Second Jalon Removal Notice"). *See HSBC Bank USA, N.A. As Trustee for the Holders of the Ellington Loan Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 v. Andres Jalon and Regenna A. Jalon*, Civ. A. No. 22-4292 (E.D. Pa.) (hereinafter, "the Second Jalon federal action"). That case removed the State Foreclosure action to this court.[2] Except for the caption, the two removal notices filed by the Jalons are identical. Specifically, the caption of the Second Jalon Removal Notice lists HSBC as the plaintiff and the Jalons as the defendants, while the caption of the RICO Removal Notice lists the Jalons as the plaintiffs and HSBC, along with Bank of America, Wilshire Credit Corp. and

---

[2] Consequently, the plaintiffs and defendants listed in the caption of the Second Jalon federal action are the same as those listed in the caption in the State Foreclosure action.

3

Urban Settlement Solutions, as the defendants.[3]

On November 17, 2022, HSBC filed a Motion to Remand this action to the state court. *See* ECF No. 5. HSBC argues that federal question jurisdiction does not exist here because the state court complaint seeks exclusively state court remedies, and a counterclaim or defense based on federal law cannot provide a basis for federal question jurisdiction. It also contends that there is no diversity jurisdiction because the Jalons are citizens of the state in which the action was brought, prohibiting removal under 28 U.S.C. § 1441(b)(2).[4]

**DISCUSSION**

The statutes governing removal provide no mechanism for the removal of a state court action to a case that is pending in federal court. Instead, they contemplate the institution of a new federal court action when a state court action is removed to federal court. Because a new federal court action is created when a state court action is removed there, the notice of removal is the first document filed in a removed action.

Here, the Jalons' removal did not comport with the removal statutes. The Jalons filed their Notice of Removal in the already-existing RICO lawsuit two weeks after they had instituted the action in federal court. The Removal Notice was the third document filed in the action. Because

---

[3] On the captions of both removal notices, the Jalons refer to HSBC as "Plaintiff/Counterclaim Defendant," and refer to themselves as "Defendants/Counterclaim Plaintiffs."

[4] In a separate memorandum and order, the court remands the Second Jalon federal action to the state court for lack of subject matter jurisdiction. *See* ECF Nos. 12 & 13 in the Second Jalon federal action. Even though HSBC did not file a motion to remand in that action, the court takes judicial notice of HSBC's Motion to Remand that was timely filed in this RICO action and deems it to have been timely filed in that case. *See* ECF No. 12 in the Second Jalon federal action.

they filed a notice of removal in a pending action, their removal notice was improperly filed.[5]

It is possible that the Jalons are attempting to consolidate the Second Jalon federal action with the RICO action[6] by invoking supplemental jurisdiction under 28 U.S.C. § 1367. Assuming that is their intention, that is also not permitted by the removal statutes.

Section 1367(a) provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*Id.* § 1367(a). Thus, § 1367 allows plaintiffs to bring federal claims in federal court combined with state law claims that would not otherwise be within a federal court's jurisdiction.

However, for § 1367 to apply, any state law *claims* that are "so related" to the claims over which the federal court has original jurisdiction must be contained *in the same action* as the federal claim. 28 U.S.C. § 1367(a). *See Moe G. Enters., LLC v. Fontana*, No. CIV.A. 10-1538, 2011 WL 98553, at *4 (W.D. Pa. Jan. 12, 2011). But the supplemental jurisdiction statute is *not* an *independent source* of *removal* jurisdiction. It does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action. *In re Est. of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995). To remove an action from state court to federal court, the removing defendant must first identify a federal claim in the state court complaint. *Moe G. Enters., LLC*, 2011 WL 98553, at *5.

---

[5] Even if we were to consider the merits of HSBC's Motion to Remand and decided to grant it, there is no state court to which we could remand the RICO action. This further illustrates why filing a notice of removal in an already-existing federal action is not permitted.

[6] The only indication that the Jalons want to consolidate these actions can be found in the title of the RICO Removal Notice, which is "Notice of Removal and Consolidation of State Court Action to United States District Court."

Additionally, an "already-existing federal action cannot provide the mechanism for removal of a non-removable state court action." *NewCourtland v. Keystone Fire Prot. Co.*, No. CV 21-196, 2021 WL 308227, at *2 (E.D. Pa. Jan. 29, 2021) (quotation omitted). *See also Chase v. Auerbach*, No. CIV. A. 94-5892, 1994 WL 590588, at *2 (E.D. Pa. Oct. 26, 1994) (quoting 29 Fed. Proc., L. Ed. § 69:2) (a district court does not have jurisdiction "to hear a case on removal merely because . . . a related case is pending in the federal court.").

Because the State Foreclosure action is separate from the RICO action, the Jalons may not rely on § 1367 to consolidate the two cases. Nor may they look to that statute as a basis for removal jurisdiction. Therefore, the Jalons' Notice of Removal was improperly filed and shall be stricken.

With no removal notice pending, the court need not reach the issues raised in HSBC's Motion to Remand regarding whether there is subject matter jurisdiction based on federal question or diversity jurisdiction.

## CONCLUSION

Because there is no mechanism available to the Jalons to remove the State Foreclosure action to the RICO action, the Notice of Removal was improperly filed. Therefore, the Removal Notice will be stricken, and HSBC's Motion to Remand will be denied as moot.

BY THE COURT:

/s/ Kai N. Scott
**HON. KAI N. SCOTT**
**United States District Court Judge**