IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRES JALON and REGENNA A. JALON, <br> *Plaintiffs*, <br><br> v. <br><br> BANK OF AMERICA, WILSHIRE CREDIT CORPORATION, URBAN SETTLEMENT SOLUTIONS, and HSBC BANK, <br> *Defendants*. | : <br> : <br> : <br> : <br> : CIVIL NO. 22-4039 <br> : <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM

**Scott, J.**                                                                **September 30, 2024**

Plaintiffs Andres and Regenna Jalon (the "Jalons") bring this action asserting claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and for breach of contract. Presently before the Court is Defendants Bank of America, N.A.("BANA") and HSBC Bank USA, N.A.'s ("HSBC") Motion to Dismiss Plaintiffs' Complaint (ECF No. 25). For the reasons that follow, Defendants' Motion (ECF No. 25) will be granted, and this case will be dismissed with prejudice. An appropriate Order will follow.

**I.**      **BACKGROUND[1] & PROCEDURAL HISTORY**

On December 21, 2006, the Jalons executed a Note for a loan in the amount of $364,500.00. Compl. ¶¶ 55–56. That same day, the Jalons executed and delivered a Mortgage to secure the Note. *Id.* Defendant Wilshire Credit Corporation ("Wilshire") initially serviced the Mortgage, and in March 2010, Wilshire offered the Jalons a trial payment plan ("TPP") pursuant to the Home Affordable Mortgage Program ("HAMP"). *Id.* ¶¶ 57–58. The TPP required the Jalons to make three payments of $2,131.25 and stated that if the Jalons complied with the TTP and certain

---

[1]      The Court draws these factual allegations from the Jalons' Complaint.

1

representations they made remained true, Wilshire would send them a modification agreement. *Id.* ¶ 60; *see also* ECF No. 1-2. The TTP is signed solely by Mr. Jalon–i.e., not Wilshire, Mrs. Jalon, or any other Defendant. ECF No. 1-2. Sometime thereafter BANA became the mortgage servicer and advised the Jalons in October 2010 that the TTP was still in place. Compl. ¶ 62.

On September 14, 2011, the Mortgage was assigned to HSBC. ECF No. 1-4. The Jalons allege that they were never notified of the assignment and that HSBC "ignored the Plaintiffs' valid agreement with [BANA] and Wilshire to modify the loan payments pursuant to HAMP, and instead raised their monthly mortgage payments, demanding exorbitant monthly payments." Compl. ¶¶ 65–66.

In November 2017, HSBC brought a mortgage foreclosure action in the Court of Common Pleas of Montgomery County, Pennsylvania, against the Jalons (hereinafter, "the Foreclosure Action"), alleging that all payments on and after September 1, 2010 were due and owing on the Mortgage. ECF No. 1-5. The Jalons allege that it was "at that point that [they] learned of the scheme created by the Defendants" that is the subject of this action. Compl. ¶ 68. However, it was not until October 10, 2022, roughly five years after the Foreclosure Action was filed against them, that the Jalons brought this action. *See generally id.*

In their Complaint, the Jalons contend that HSBC, BANA, Urban Settlement Solutions, and Wilshire Credit Corporation conspired to defraud borrowers like them by stalling and hindering the loan modification process and misleading borrowers to prevent those eligible for permanent loan modifications from receiving them. Compl. ¶¶ 17–18, 69, 76–81. The Jalons claim that once HSBC was assigned the mortgage, it ignored the Jalons' valid, pre-existing loan modification agreement they had reached with BANA, and instead raised their monthly mortgage payments. *Id.* ¶¶ 57–66. They further allege that Defendants participated in this scheme to enable

them to bring unlawful foreclosure actions against the Jalons and other borrowers. *Id.* ¶¶ 67, 69, 78–81, 91–95, 102–107.

On November 29, 2023, Defendants BANA and HSBC moved to dismiss the Complaint. ECF No. 25. On February 26, 2024, the Jalons filed an Opposition to the Motion to Dismiss. ECF No. 33. Accordingly, the Motion is ripe for resolution.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

## III.   DISCUSSION

In their Complaint, the Jalons allege that Defendants violated the federal RICO statute and that they breached the loan modification contract. Compl. at 16–27. In moving to dismiss, HSBC and BANA argue, *inter alia*, that the Jalons' claims are time-barred by the applicable statute of

limitations. ECF No. 25. For the reasons that follow, the Court agrees that the Jalons' claims are time-barred.

The statute of limitations for both federal RICO claims and Pennsylvania breach of contract claims is four years. *LabMD Inc. v. Boback*, 47 F.4th 164, 179 (3d Cir. 2022) ("The limitations period for a federal RICO claim is four years."); 42 Pa. Cons. Stat. § 5525 (stating that the statute of limitations for breach of contract claim is four years). For a RICO claim, "[t]he statute of limitations begins to run when the plaintiff knows or should know of both its injury and the source of its injury." *Boback*, 47 F.4th at 179. Similarly, for a Pennsylvania breach of contract claim, the statute of limitations "accrues when the plaintiff knows or should have known about the breach." *Palmore v. Clarion Univ. of Pennsylvania*, No. 23-1045, 2023 WL 5607557, at *4 (3d Cir. Aug. 30, 2023) (citing 42 Pa. Cons. Stat. § 5525).

Regardless of whether the Court finds that the injury occurred in 2010 (when the Jalons allege they completed the TTP and Wilshire failed to provide them with a permanent modification) or in 2017 (when the state mortgage foreclosure action was filed and the Jalons indicated they "learned of the scheme created by the Defendants"), the Jalons failed to bring the action within the statute of limitations. In fact, in their Opposition to the Motion to Dismiss, the Jalons agree that "on its face it would appear the statute of limitations defense is appropriate in this situation." ECF No. 33 at 5.

In an attempt to avoid the clear application of the statute of limitations, the Jalons argue, with no supporting case law, that "each month a 'new' injury occurs with increased fees, costs and monies claimed to be owed by the Jalons." *Id.* at 5–6. The argument is unavailing. First, it ignores the explicit admission by the Jalons that they knew of the scheme in 2017. Moreover, it is categorically wrong to say there is a "new" injury when the fees, costs, and monies increase

because such increase is merely a continuation of the injury caused by the initial failure to provide the Jalons with a modification.

Accordingly, given that the Jalons did not file this action until October 2022, the Jalons' claims are time-barred. Additionally, because amending the Complaint would be futile given this clear application of the statute of limitations, the Complaint will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, BANA and HSBC's Motion to Dismiss (ECF No. 25) will be granted, and this case will be dismissed with prejudice. An appropriate Order will follow.

BY THE COURT:

*/s/ Kai N. Scott*

HON. KAI N. SCOTT
United States District Court Judge